UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT D. HUBER, Jr.** : | |
| **9402 Columbia Boulevard** | |
| **Silver Spring, Maryland 20910** : | |
| Plaintiff : | |
| v. : | **Civil Action No.:** |
| **UNITED STATES OF AMERICA** : | |
| : | |
| Serve: | |
| SERVE: : | |
| **The Honorable Eric Holder** | |
| **Attorney General** : | |
| **U.S. Department of Justice** | |
| **950 Pennsylvania Avenue, NW** : | |
| **Washington, DC 20530-0001** | |
| : | |
| **Ronald C. Machen Jr.** | |
| **U.S. Attorney for the District of Columbia** : | |
| **Judiciary Center** | |
| **555 Fourth Street, N.W.** : | |
| **Washington, D.C. 20530** | |
| : | |
| **Brad R. Carson** | |
| **Office of the Army General Counsel** : | |
| **104 Army Pentagon** | |
| **Washington, DC 20310-0104** : | |
| Defendant : | |

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court over Defendant United States of America is invoked pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671, *et seq* and

39 U.S.C. § 409.

2. Plaintiff Robert D. Huber Jr. is a resident of Maryland.

3. The cause of this action arose in the District of Columbia, thus venue properly lies with this Court pursuant to 28 U.S.C. § 1402(b).

## FACTS

4. On May 14, 2012, at approximately 10:40 a.m., Plaintiff was traveling in his personal vehicle westbound on the Memorial Bridge towards Memorial Circle.

5. Plaintiff was traveling in the leftmost lane.

6. Around the same time, Ernest D. Gilbert was driving westbound on Memorial Bridge towards Memorial Circle.

7. Gilbert was driving in the lane next to Plaintiff's lane.

8. As the Plaintiff was merging onto Memorial Circle, Gilbert struck the Plaintiff's vehicle.

9. Gilbert crossed over a solid white line in violation of D.C. traffic regulations.

10. D.C. traffic regulations prohibit driver's from changing lanes if there is a solid white line present.

11. On May 14, 2012, Gilbert was an employee of the Department of the Army.

12. The vehicle was owned by the General Services Administration ("GSA").

13. The GSA leased the vehicle to the Department of the Army.

14. At the time of the collision, Gilbert was operating the vehicle within the scope of his employment with the consent of the owner of the vehicle.

15. As a result of the collision, Plaintiff required serious medical attention.

16. After the collision, Plaintiff attempted to go to work at Reagan National Airport.

17. While at work, Plaintiff collapsed.

18. At the airport, Plaintiff was treated by EMTs from the Arlington County Fire Department.

19. The EMTs concluded Plaintiff was suffering from convulsions/seizures as a result of the collision and required further medical attention.

20. The EMTs transported Plaintiff to the Emergency Room at the George Washington University Hospital.

21. Plaintiff sustained a traumatic brain injury in the collision, which resulted in significant cognitive impairment. He also suffered a herniated disc, lacerations and contusions, and soft tissue injuries to the neck and back. Plaintiff also experienced aggravation of pre-existing emotional problems.

22. At the time of the collision, Plaintiff was 46 years old. He was working for Delta at Reagan National Airport.

## COUNT 1 - Negligence

23. Plaintiff incorporates by reference paragraphs all other paragraphs of the Complaint, and further alleges that under the doctrine of *Respondeat Superior*, Defendant is liable for the negligent actions of its employee, Earnest Gilbert.

24. The collision and resulting injuries of Plaintiff were the direct and proximate result of the negligence of Defendant, whose negligent acts/omissions include, but are not limited to, the following:

   a. failure to yield the right of way;

   b. failure to keep a proper lookout;

   c. failure to pay full time and attention;

  d. failure to avoid the collision;

  e. failure to operate said automobile in a reasonable, careful, and prudent manner;

  f. failure to timely apply brakes;

  g. crossing a solid white line; and

  h. failure to adhere to applicable District of Columbia traffic and motor vehicle regulations then and there in effect.

25. The aforesaid negligence was a direct and proximate cause of the collision between Defendant's vehicle and the damages suffered by Plaintiff.

26. As a direct and proximate result of the negligence of Defendant in causing the collision, Plaintiff suffered severe and permanent injuries.

27. As a further proximate result of the negligence of Defendant in causing the collision, Plaintiff has suffered and will continue to suffer much mental pain and anguish; permanent and frequent cognitive relapses; has incurred medical expenses and will continue to incur medical expenses for medical and hospital care in connection with the incident; has incurred and will continue to incur lost wages; and has suffered and will continue to suffer the mental and physical pain and suffering and emotional distress associated with all of the above.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully demands judgment against Defendant in the full and just amount of $10,020,000.00 plus costs and interest.

        Respectfully submitted,

        KOONZ, MCKENNEY, JOHNSON,
         DEPAOLIS & LIGHTFOOT, LLP

        _____
        William P. Lightfoot   #313593
        Paulette E. Chapman   #416437
        Kelly J. Fisher     #488431
        2001 Pennsylvania Avenue, N.W., Suite 450

Washington, D.C. 20006  
(202) 659-5500  
(202) 785-3719 facsimile  
wlightfoot@koonz.com