# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT D. HUBER, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-cv-1380 (TSC) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Currently pending before the court are the parties' recommendations for quantum of damages, ECF Nos. 49 & 50. Based on the court's findings of fact and conclusions of law, ECF No. 48, and both parties' recommendations, the court will award Plaintiff damages in the amount of $468,119.82.

### I. BACKGROUND

Plaintiff Robert D. Huber, Jr. filed his lawsuit against the United States under the Federal Tort Claims Act ("FTCA"), 29 U.S.C. §§ 1346, 2671 *et seq.*, following a traffic collision between him and a federal employee driving a Government Services Administration vehicle in the course and scope of his employment with the United States Department of the Army. The court held a five-day bench trial in January 2018. On April 16, 2019, this court issued its findings of fact and conclusions of law, entered judgment in Plaintiff's favor, and concluded that Plaintiff sustained his burden of proof on his negligence claim and that the accident was the proximate cause of his injuries. ECF No. 48, Mem. Op. at 1, (II)(2)(B). However, the court was unable to determine an appropriate quantum of damages because "not all of Huber's

1

psychological problems have been shown to be the result of the accident." *Id.* at 11. The court ordered both parties to submit supplemental briefing on the issue of damages and to provide suggested calculations and the basis for those calculations. *Id.* at 11–12.

Plaintiff recommends a damages award of $1,297,087.82—$72,087.86 for past medical costs and $1,225,000 for pain and suffering. *See generally* Pl.'s Recommendation, ECF No. 49. Defendant recommends a damages award of no greater than $86,007.82—$71,007.82 for past medical costs and $15,000 for pain and suffering. *See generally* Def.'s Recommendation, ECF No. 50.

## II. DAMAGES PRINCIPLES

The fundamental principle for determining the amount of damages to be awarded to a plaintiff stems from the seminal case, *Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555 (1931). *See Hill v. Republic of Iraq,* 328 F.3d 680, 684 (D.C. Cir. 2003) (noting that *Story Parchment Co.* "states the American rule on damages[.]"). In *Story Parchment Co.,* the Supreme Court stated that "while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of damages as a matter of just and reasonable inference, although the result be only approximate." 282 U.S. at 563.

The amount of damages requires only a reasonable estimate. *See Samaritan Inns, Inc. v. District of Columbia,* 114 F.3d 1227, 1235 (D.C. Cir. 1997) (Plaintiff must "prove the fact of injury with reasonable certainty, [and prove] the amount of damages . . . based on a reasonable estimate."); *Wood v. Day,* 859 F.2d 1490, 1493 (D.C. Cir. 1988) (Plaintiff must provide only "some reasonable basis on which to estimate damages.") (*quoting Romer v. District of Columbia,* 449 A.2d 1097, 1100 (D.C. 1982)). Thus, the court's task is to "make a just and reasonable estimate of the damage based on relevant data." *United States ex rel. Miller v. Bill*

*Harbert Int'l Constr., Inc.,* 608 F.3d 871, 905 (D.C. Cir. 2010) (quoting *Bigelow v. RKO Radio Pictures, Inc.,* 327 U.S. 251, 264 (1946)). The relevant data may include "probable and inferential, as well as direct and positive proof." *Bigelow,* 327 U.S. at 264 (quoting *Story Parchment Co.*, 282 U.S. at 561). Damages "may not be determined by mere speculation or guess . . . although the result be only approximate." *Hill,* 328 F.3d at 684 (quoting *Story Parchment Co.*, 282 U.S. at 563).

In the District of Columbia, "[a]n award of damages must . . . avoid[] extravagant awards that bear little or no relation to the actual injury involved." *Campbell–Crane & Assocs. v. Stamenkovic,* 44 A.3d 924, 945 (D.C. 2012) (internal citations omitted). The damages award "must be proportional to the harm actually suffered." *Phillips v. District of Columbia,* 458 A.2d 722, 726 (D.C. 1983).

Finally, the "court must explain the reasons for the determination of the damages award and tether these reasons to the record." *Rhodes v. United States*, 967 F. Supp. 2d 246, 314(D.D.C. 2013); *see also Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.,* 743 F.2d 932, 940 (D.C. Cir. 1984) ("[I]t is essential that the trial court give sufficient indication of how it computed the amount so that the reviewing court can determine whether it is supported by the record.") (citation omitted).

III. ANALYSIS

Plaintiff seeks $72,087.86 in economic damages for medical bills and $1,225,000 in non-economic damages for pain and suffering. *See generally* Pl.'s Recommendation. Specifically, Plaintiff requests non-economic damages that include: $700,000 for the extent and duration of his physical injuries; $250,000 for the effects his physical injuries have on his overall physical and emotional well-being; $100,000 for acute pain and $100,000 for chronic headaches; and

3

$75,000 for inconveniences he has experienced in the past or may experience in the future. *See id* at 2, 4, 6, 7.

Plaintiff bases his request on five factors from the District of Columbia Standardized Civil Jury Instructions § 13.01, 1–7: (1) the extent and duration of plaintiff's injuries; (2) the effects that any physical injuries have on plaintiff's overall physical and emotional well-being; (3) any physical pain and emotional distress that the plaintiff has suffered in the past or may suffer in the future; (4) any inconvenience the plaintiff has experienced in the past or may experience in the future; and (5) past and future medical expenses. *See* Pl.'s Recommendation at 2–8.

Although Defendant contends this court is not bound by the D.C. jury instructions, *see* Def.'s Recommendation at 4 (citing to 8th Circuit cases), judges in the U.S. District Court for the District of Columbia may use these jury instructions as a "useful reference" when considering a damages award. *See Rhodes*, 967 F. Supp. 2d at 324–25 (referring to the D.C. Standardized Civil Jury Instruction § 13.01, 1–7 in its damages analysis). Because Plaintiff has reached his recommendation using the DC jury instructions, the court will refer to these instructions in its consideration for damages.

1. <u>D.C. Standard Civil Jury Instruction 13.01-1: The extent and duration of any physical injuries sustained by Plaintiff</u>

Plaintiff seeks $700,000 in damages in recognition of the extent and duration of his physical injuries. Pl.'s Recommendation at 2. This court found that, as a result of the accident, Plaintiff suffered from post-concussion syndrome, which gave rise to a mood disorder. Mem. Op. at (I)(B)(ii)(12). His symptoms included headache, numbness, tingling, dizziness, and weakness. *Id.* at (I)(B)(ii)(4). Three neuropsychological assessments indicated that Plaintiff

4

suffered a mild to moderate traumatic brain injury but that his symptoms also had some psychosomatic effects. *Id.* at (I)(B)(ii)(7).

As to the duration of Plaintiffs' physical injuries, although Plaintiff claims that he "has suffered from June 23, 2012 to the first date of trial January 22, 2018," Pl.'s Recommendation at 4, from the injuries associated with the accident, he does not cite to any evidence in the record that describes his physical injuries past April 2015. At trial, Dr. Talbot testified that when she first saw Plaintiff on April 25, 2015, his symptoms were consistent with someone who had experienced post-concussion syndrome. Mem. Op. at (I)(B)(ii)(10) (citing Tr. 56:22–24). Defendant argues that Plaintiff has almost fully recovered, but it does not seem to contest his physical injuries from the period between the accident and April 25, 2015. Def.'s Recommendation at 12. Therefore, the court will consider only the extent of his injuries from the time of the accident until April 25, 2015.

Plaintiff has given little indication of how he arrived at the $700,000 in damages he claims, so the court must make its own calculation. Plaintiff asserts that he "has suffered [for] . . . five years and five months and 29 days [and] [a]s of the date of trial, Mr. Huber is expected to live another 29.9 years." Pl.'s Recommendation at 4. The court is left to assume that Plaintiff calculated this damages recommendation based on the roughly 35.4 years he suggests he has suffered and will continue to suffer as a result of the accident. By the court's calculation, Plaintiff is, therefore, requesting approximately $19,774 in damages per year ($1,648 per month) as a result of his physical injuries.

Because Plaintiff has provided only factual support for his injuries from the time of the accident until April 25, 2015 (roughly 34 months), an award reduced in proportion to that duration is more appropriate. Therefore, multiplying $1,648 by the roughly 34 months Plaintiff

5

has shown he suffered from his injuries, the court determines that $56,032 is the appropriate quantum of damages for the extent and duration of Plaintiff's physical injuries.

> 2. D.C. Standard Civil Jury Instruction 13.01-2: The effects that any physical injuries have on the overall physical and emotional well-being of Plaintiff

Plaintiff requests $250,000 as compensation for the effect his physical injuries have had and will have on his overall physical and emotional well-being. However, Plaintiff does not show how he arrived at this figure.

The court found that "although some of Huber's psychological problems predated the accident on May 14, 2012, the accident exacerbated those problems or created new ones." *Id.* at (I)(B)(ii)(14). It further found that Plaintiff experienced headaches, sleep disturbance, cognitive difficulties, difficulty concentrating, balance and gait issues, memory impairment and dizziness as a result of the accident. *Id.* at (I)(B)(ii)(13). Plaintiff's psychotherapist, Susan Montgomery, who testified credibly concerning Plaintiff's injuries, *id.* at (I)(B)(i)(5), found that the post-concussion syndrome likely exacerbated Plaintiff's depression and anxiety. *Id.* at (I)(B)(ii)(8).

Defendant argues that the court should not rely on Plaintiff's expert witnesses, Montgomery, Dr. Talbot, and Dr. Kaminski in assessing the accident's effects on Plaintiff's well-being. Def.'s Recommendation at 7, 8, 10. The court, having previously found that these witnesses testified credibly about Plaintiff's injuries, Mem. Op. at (I)(B)(i)(5), sees no reason to discredit their testimony. Based on this testimony, the court will award Plaintiff $150,000 for the effects that the physical injuries had on Plaintiff's overall physical and emotional well-being.

3. <u>D.C. Standard Civil Jury Instruction 13.01-3: Any physical pain and emotional distress that Plaintiff has suffered in the past or may suffer in the future</u>

Plaintiff seeks $200,000 based on Standard Civil Jury Instruction 13.01-3, which provides that a jury may consider any physical pain and emotional distress that Plaintiff has suffered in the past or may suffer in the future. "Any determination of a non-economic damages award is, by necessity, fact-intensive and tailored to the specific circumstances of the plaintiff." *Rhodes*, 967 F. Supp. 2d at 325. Additionally, the court "has broad discretion in calculating damages for pain and suffering." *See Stern v. Islamic Republic of Iran,* 271 F. Supp. 2d 286, 300 (D.D.C. 2003) (citing *Taylor v. Washington Terminal Co.,* 409 F.2d 145, 150 (D.C. Cir. 1969)).

Plaintiff seeks $100,000 in damages for acute pain resulting from the accident. Pl.'s Recommendation at 4. When determining appropriate pain and suffering damages, courts may consider "the severity of the pain immediately following the injury, the length of hospitalization, and the extent of the impairment that will remain with the victim for the rest of his or her life." *Owens v. Republic of Sudan*, 71 F. Supp. 3d 252, 259 (D.D.C. 2014) (citation omitted).

Plaintiff has presented substantial evidence to prove that he suffered from acute pain as a result of the accident. He was admitted to the hospital three times, suffering from abdominal pain, vomiting, severe headaches and altered level of consciousness, memory impairments, altered medical state, and gait imbalance. *See* Mem. Op. at (I)(B)(ii)(1), (I)(B)(ii)(2), (I)(B)(ii)(4); *see also Doe v. Binker*, 492 A.2d 857, 861 (D.C. 1985) (explaining that pain and suffering damages are appropriate for "conscious" pain and suffering). The court also found that Plaintiff "experienced headache, sleep disturbance, cognitive difficulties, difficulty concentrating, balance and gait issues, memory impairment and dizziness" because of the accident. Mem. Op. at (I)(B)(ii)(13).

Defendant does not dispute any of Plaintiff's claims of acute pain and does not directly address Plaintiff's claim for damages for acute pain, but generally argues that Plaintiff's damages request is not proportional to the harm that he suffered. Def.'s Recommendation at 13. Based on the extent of Plaintiff's pain, which required three stays in the hospital, and which included headaches of such severity as to alter his cognitive state, the court will award Plaintiff $100,000 for the acute pain he suffered from the accident.

Plaintiff also seeks compensation of $100,000 for a life of severe and extreme pain with chronic headaches that require daily medication. *See* Pl.'s Recommendation at 7. But, despite the court's instruction that the parties "cite to the record in support of their calculations," Mem. Op. at 12, Plaintiff has not provided any support in the record for his recommendation for chronic headaches. *See* Pl.'s Recommendation at 7. A plaintiff may recover for future harm "only by a reasonable certainty or preponderance of the evidence." *Hill,* 328 F.3d at 684. Because Plaintiff suffered acute pain as a result of the accident, Pl.'s Recommendation at 4, the court will award $60,000 based on his life expectancy of roughly another 30 years ($2,000 per year).

    4.   <u>D.C. Standard Civil Jury Instruction 13.01-5: Any inconvenience Plaintiff has experienced in the past or may experience in the future</u>

Plaintiff seeks $75,000 in damages for any inconvenience he has experienced in the past or may experience in the future. Damages may be awarded for inconvenience. *See, e.g., Campbell v. District of Columbia*, 161 F. Supp. 3d 117, 119 (D.D.C. 2016). Plaintiff seeks such damages from: collapsing in his office; staying five nights in a hospital on three separate occasions; a trip to a neurologist; meeting with multiple doctors to determine the source of his extreme headaches, memory impairments, and double vision; meeting with two brain injury specialists; and performing neurological tests with three neuropsychologists. *See* Pl.'s

Recommendation at 7–8. Defendant did not address the issue of inconvenience damages in its briefing. Although the court finds $75,000 to be an excessive amount, it will award Plaintiff $30,000 in inconvenience damages.

> 5. <u>D.C. Standard Civil Jury Instruction 13.01-6: Medical Expenses – Past and Future.</u>

Plaintiff seeks $72,087.86 in damages for past and future medical expenses. Defendant contests $1,200 of Plaintiff's medical bills related to several of his sessions with Susan Montgomery, a psychotherapist, arguing that Plaintiff and Montgomery discussed outside psychological stressors and symptoms, unrelated to the accident, during the contested sessions. Def.'s Recommendation at 14–15. The record shows the contested sessions involved treating symptoms caused by seizures, relationships, family stress, impulsivity, decision making, anxiety, and one session was unrelated to Plaintiff's brain injury. *See* Pl.'s Ex. 18 at HUB-SMLCSW-000017, HUB-SMLCSW-000046, HUB-SMLCSW-000049, HUB-SMLCSW-000051, HUB-SMLCSW-000064, HUB-SMLCSW-000065, HUB-SMLCSW-000078, HUB-SMLCSW-000079. In making a "just and reasonable estimate of the damage based on relevant data," *Miller,* 608 F.3d at 905 (citing *Bigelow*, 327 U.S. at 264), the court may base its assessment on "probable and inferential . . . proof," *Bigelow*, 327 U.S. at 264. Because Montgomery testified that it is "more likely than not [] the injury affected Huber's depression [and] anxiety," Tr. 52:16–24, and the court concluded the accident "exacerbated [Huber's] problems or created new ones," Mem. Op. at (I)(B)(ii)(14), it is probable that the contested sessions with Montgomery were due to Plaintiff's depression and anxiety, which were exacerbated by the accident. Therefore, the court will award past medical expenses to Plaintiff for all medical bills produced to the court, in the amount of $72,087.86.

9

## IV. CONCLUSION

Therefore, the court will award damages to Plaintiff in the amount of $468,119.82.

A corresponding Order will be issued separately.

Date: September 19, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge